**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CHAPTER 13** |
| **FRANK W. BASSETT,** | ) | |
| **PATRICIA C. BASSETT,** | ) | **CASE NO.  09-33060-DHW** |
| Debtor. | ) | |

**RESPONSE TO DEBTORS' OBJECTION TO CLAIM # 10
OF THE INTERNAL REVENUE SERVICE**
**[Internal Revenue Service]**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, on behalf of the United States Department of the Treasury, Internal Revenue Service (Service) and in response to Debtors' Objection to Claim #10 filed of the Internal Revenue Service would state as follows:

1.      On January 14, 2010, the Service timely filed a Proof of Claim in the total amount of $12,937.55 of which $10,885.01was classified as unsecured priority, and $2,052.54 was classified as general unsecured.  A portion of the claim was estimated as the return for tax year 2007 of the Debtor, Patricia C. Bassett, was under review by the Service's Examination Section.  A footnote in the Proof of claim advised that the return for tax year 2007 was pending examination. [Claim # 10-1].

2.      The Debtors object to the claim on the grounds that they have filed an amended joint return for tax year 2007, and that they expect to receive a refund in the amount of $6,480.00.  Records of the Service reflect that the referenced joint return for tax year 2007 has not been received by the Service.  The Debtors should send the Service a freshly signed copy of the joint 2007 return so that it may be processed.  The Debtors may

send it to the Insolvency Unit, Attn: Karen Van Hook, Internal Revenue Service, 801 Broadway, MDP 146, Nashville, TN 37203. [Doc. #17]

3. Under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the claim of the Service constitutes prima facie evidence of the validity and the amount of the claim. The proof of claim filed by the Service is "strong enough to carry over a mere formal objection without more." In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). The Debtor has the burden to overcome the claim. See United States v. Kiester, 182 B.R. 52, 53 (M.D. Fla. 1995). An objection to claim, without substantial evidence to support an objection, is insufficient to deprive the claim of its presumptive validity. See In re Hemingway Transp., Inc., 993 F.2d 915, 925 (1st Cir., 1993) (case involves sale of bankruptcy property subject to EPA CERCLA "clean up" provisions), cert. denied by Kahn v. Juniper Development Group (on cross appeal filed against debtor's successor, Juniper Development Group, by Chapter 7 Trustee Kahn) 510 U.S. 914 (1993); In re Bertelt, 206 B.R. 579, 584 (Bankr. M.D. Fla., 1996). "The burden of proof is on the objecting party to produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. However, the burden of ultimate persuasion rests with the claimant.' " quoting In re Busch, 213 B.R. 390, 392 (Bankr. M.D. Fla., 1997) quoting from In re Homelands of DeLeon Springs, Inc., 190 B.R. 666, 668 (Bankr. M.D. Fla. 1995) citing In re VTN, Inc., 69 B.R. 1005 (Bankr. S.D. Fla. 1987).

4. Wherefore, the Service asks this Court to overrule Debtors' objection to claim.

Respectfully submitted this the 2nd day of February, 2010.

LEURA G. CANARY
UNITED STATES ATTORNEY


/S/    Patricia Allen Conover
Patricia Allen Conover
ASB 2214 R64P
Assistant United States Attorney
Patricia.Conover@usdoj.gov

P. O. Box 197
Montgomery AL 36101-0197
Telephone: 334-223-7280
Facsimile: 334-223-7201

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 2nd day of February, 2010, I served a copy of the foregoing document, Response to Debtor's Objection to Claim # 10 of the Internal Revenue Service, on all parties listed below by the methods stated:

Teresa Jacobs
U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL  36104
[electronic filing]

Curtis C. Reding
Chapter 13 Trustee
P. O. Box 173
Montgomery, AL 36101
[electronic filing]

Vonda S. McLeod
Attorney for the Debtors
Shinbaum, McLeod & Campbell
PO Box 201
Montgomery, AL 36101
[electronic filing]

Frank W. Bassett
Patricia C. Bassett
4524 Lonesome Pine Drive
Montgomery, AL 36108
[United States Postal Service]


 /S/   Patricia Allen Conover
PATRICIA ALLEN CONOVER
Assistant United States Attorney